2010 VT 108

**In re D.McD.**

[12 A.3d 543]

No. 09-467

¶ 1. December 7, 2010. This case is one in a series of appeals involving the child protection registry maintained by the Department for Children and Families (DCF). DCF included petitioner D.McD. in its registry after determining that he placed his children at risk of harm by driving with them while intoxicated. The Human Services Board reversed DCF's

---

decision, concluding that petitioner was unlikely to pose a risk of harm to children in the future. Based on the legal standards set forth in *In re R.H.*, 2010 VT 95, 189 Vt. 15, 14 A.3d 267, we reverse and remand the Board's decision.

¶ 2. The facts are undisputed. In early March 2008, petitioner drove while intoxicated with his two six-year-old children in the car. Following an investigation, DCF substantiated petitioner for placing his children at "risk of harm," defined as a "significant danger that a child will suffer serious harm other than by accidental means, which harm would be likely to cause physical injury, neglect, emotional maltreatment or sexual abuse." 33 V.S.A. § 4912(4); see also *id.* § 4912(10) (defining "substantiated report" as report "based upon accurate and reliable information that would lead a reasonable person to believe that the child has been abused or neglected"); *id.* § 4912(2) (defining "abused or neglected child" to include child "whose physical health, psychological growth and development or welfare is harmed or is at substantial risk of harm by the acts or omissions of his or her parent").

¶ 3. DCF notified petitioner that his name would be placed in the child protection registry, and petitioner sought an administrative review of this decision. Following a review conference, the reviewer upheld DCF's determination, relying in part on DCF's policy regarding "single egregious acts." This policy provides that reports of abuse or neglect should be substantiated if a reasonable person would believe that: "[t]he parent or caretaker did the act alleged; [t]he act was egregious; [t]here was a significant risk that the child could have been physically injured as a result; and, [t]he physical injury would be serious." Vermont Dep't for Children & Families, Family Servs. Div., Family Servs. Policy Manual, Policy No. 55, at 3 (effective Jan. 1, 2007) [hereinafter DCF Policy No. 55] (empha-

sis omitted), available at http://dcf.vermont.gov/sites/dcf/files/pdf/fsd/policies/55__Risk_of_Harm__Final_1-07.pdf. The term "egregious" is defined as "conspicuously and outrageously bad or reprehensible." *Id.* at 3 n.1.

¶ 4. Petitioner then appealed to the Human Services Board. The parties stipulated to the facts, and the Board adopted the hearing officer's recommendations. The Board recounted that in March 2008 petitioner was returning from an amusement park with his children. He stopped at a gas station, seeking directions to his hotel. The attendant was concerned by petitioner's behavior and called the police. The police located petitioner's car at a nearby restaurant. Petitioner was not in the vehicle, but the children were asleep in the back seat, and there were several open beer cans on the floor of the front passenger seat. When petitioner returned to the car, the officer observed numerous signs of intoxication and processed petitioner for DWI.

¶ 5. The Board found that at the time of this incident petitioner was not taking his medications for bipolar disorder but was instead using alcohol to self-medicate. Petitioner had subsequently sought help, including hospitalization for mental health treatment, adjustment of his medications, ongoing counseling, and ongoing monitoring of his medication. Petitioner's ex-wife and his therapist opined that petitioner had learned from the incident and that he was unlikely to pose a risk of harm to children in the future. The Board also noted that an internal DCF assessment had rated petitioner as a negligible risk for future abuse or neglect of his children. In light of all the circumstances, the Board concluded that petitioner was unlikely to pose a risk of future harm to children and he thus should not be included in the registry. DCF appealed.

¶ 6. On appeal, DCF raises the same arguments we addressed in *In re R.H.*, regarding the standard of review and the

Board's ability to consider a petitioner's future risk of harm. As in that case, we conclude that the Board misapplied the law, and we therefore reverse its decision. See *In re R.H.*, 2010 VT 95, ¶ 21 (explaining that Supreme Court will reverse Board's decision in registry appeal where Board misapplies the law). In *In re R.H.*, the petitioner left her three-year-old child alone in an unlocked car for an hour on a cold winter night. The Board acknowledged that the petitioner had placed her child at risk of harm but concluded that no purpose would be served by including her in the child protection registry. It found that the incident was out of character for the petitioner, noting that it occurred at a stressful time and that the petitioner had since received counseling to address her mental health issues.

¶ 7. We reversed this decision on appeal, finding that the Board had disregarded the plain language of the relevant statutes by considering post-incident conduct. *Id.* ¶ 24. Under the statutory scheme in place, the only question before the Board was whether a reasonable person would believe that the child was placed at a substantial risk of harm due to the petitioner's actions on the date in question. *Id.* ¶ 22. The analysis was not forward looking, but rather limited to the alleged act of neglect at issue. *Id.* We thus concluded that the Board committed reversible error by considering whether the petitioner was likely to commit similar acts of neglect in the future. *Id.* ¶ 24. We reach a similar conclusion here. The Board was not asked to decide petitioner's future risk of harm, and petitioner's rehabilitative efforts, while laudable, were irrelevant to the question before the Board.

¶ 8. We thus reverse the Board's decision and remand this case for further proceedings. On remand, the Board must apply DCF's policy on single egregious acts to determine if petitioner placed his children at risk of harm. See *id.* ¶¶ 28-29

(adopting DCF's interpretation of term "risk of harm" and its policy regarding single egregious acts). Thus, the Board must consider whether a reasonable person would believe that: "[t]he parent or caretaker did the act alleged; [t]he act was egregious; [t]here was a significant risk that the child could have been physically injured as a result; and, [t]he physical injury would be serious." DCF Policy No. 55.

*Reversed and remanded.*