*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2010-417

MAY TERM, 2011

| | |
|---|---|
| In re W.M. | } APPEALED FROM:<br>}<br>}<br>} Human Services Board<br>}<br>}<br>} DOCKET NO. Y-01/10-24 |

In the above-entitled cause, the Clerk will enter:

In August of 2009, a Family Services District Office determined that W.M.'s driving with a high blood alcohol count and driving off the road placed K.A., her seven-year-old daughter, at risk of physical harm. W.M. was thus substantiated by the Department for Children and Families (DCF) for abuse pursuant to 33 V.S.A. § 4912(10). The Human Services Board reversed, concluding that W.M.'s action did not warrant placement on the Child Protection Registry. We conclude that the Board failed to apply the correct legal standard, and remand.

In June 2009, W.M. consumed alcohol while at a family gathering. She then left to drive home with her daughter in the car. On her way, she was involved in a single-car accident, which damaged her front bumper. W.M. continued to drive and was eventually stopped by a state trooper, who observed her damaged bumper and that she was traveling to the extreme right of the road. W.M. failed sobriety and dexterity tests, and an alco-sensor test revealed she had a blood alcohol level of .219. She was charged with DUI and reckless endangerment, and she was eventually convicted of DUI.

DCF conducted an investigation. W.M. claimed that she had consumed only two drinks and that her elevated blood alcohol level was due to medication she was taking. DCF determined the medication would not cause an elevated blood alcohol level and substantiated her for placing her child at risk of harm. DCF policy on substantiation at the time explained that "Risk of harm is substantiated when the person responsible for the child's welfare . . . Engaged in a single, egregious act that resulted in significant risk that the child could have been seriously physically injured." Vermont Dep't for Children & Families, Family Servs. Div., Response to Child Abuse and Neglect 2010.06, at 16 (effective May 26, 2009), available at http://dcf.vermont.gov/sites/dcf/files/pdf/fsd/rules/Child_Abuse_and_Neglect_Adopted_Rule_5_ 26_09.pdf. W.M. requested an administrative review. An independent reviewer upheld the decision based on the DCF policy regarding a single egregious act. Petitioner then requested a fair hearing before the Board.

The Board found that W.M. credibly testified that she had not had a drink since the date of her arrest. **PC 3.** The Board did not, however, find credible W.M.'s claim that she had only two drinks on the day of the incident or that her medication could raise her blood alcohol level. The Board found that she "drank to excess and then drove a car in which her daughter was a

passenger while she was impaired by alcohol consumption." Nonetheless, the Board concluded that DCF erred in placing her name on the registry because she did not continue to pose a risk of harm to her child, and her daughter was not actually harmed by her actions. In so concluding, the Board did not apply DCF's single egregious act policy, but applied a gross negligence standard to W.M.'s actions. DCF appealed.

DCF argues that the Board misapplied the relevant law, and requests a remand for the Board to evaluate W.M.'s case under the correct standard. DCF argues that the Board erred in not applying DCF's single egregious act policy on risk of harm and in considering W.M.'s post-incident conduct. On appeal, we defer to the Board's decision regarding substantiation, but "the Board must follow the law in deciding whether a report is substantiated." In re R.H., 2010 VT 95, ¶ 21, 14 A.3d 267. Because the Board applied the incorrect standard, we reverse and remand.

This case closely mirrors our recent decision in In re D.McD., 2010 VT 108, 12 A.3d 543 (mem.), which in turn relied on In re R.H.. As explained in In re D.McD., we agree with DCF that the Board erred in considering post-incident conduct:

> Under the statutory scheme in place, the only question before the Board was whether a reasonable person would believe that the child was placed at a substantial risk of harm due to the petitioner's actions on the date in question. The analysis was not forward looking, but rather limited to the alleged act of neglect at issue. . . . The Board was not asked to decide petitioner's future risk of harm, and petitioner's rehabilitative efforts, while laudable, were irrelevant to the question before the Board.

Id. ¶ 7 (citations omitted). Therefore, on remand, the Board should not consider whether W.M. presented an on-going risk of harm.

In addition, the Board must apply DCF's single egregious act policy, rather than the gross negligence standard. See In re R.H., 2010 VT 95, ¶¶ 26-31 (concluding that the Board must give deference to DCF's interpretation of the statutory scheme and employ its standard for determining risk of harm); see also In re D.McD., 2010 VT 108, ¶ 8 (directing Board on remand to employ DCF's single egregious act standard).

Reversed and remanded.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

_____
Brian L. Burgess, Associate Justice

2