*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-258

DECEMBER TERM, 2011

| In re D.McD. | } | APPEALED FROM: |
| --- | --- | --- |
| | } | |
| | } | Human Services Board |
| | } | |
| | } | DOCKET NO. B-03/09-186 |

In the above-entitled cause, the Clerk will enter:

Petitioner appeals from the Human Services Board's decision substantiating him for putting his children at risk of harm based upon a single egregious act and thus placing his name on the child protection registry. On appeal, petitioner argues that the Board erred in concluding that his action of driving intoxicated with his kids in the car amounted to a single egregious act because (1) this is contradicted by the Board's previous finding that petitioner's conduct was not grossly negligent, and (2) the evidence does not support that petitioner's conduct was egregious. We affirm.

The relevant facts are not disputed. Petitioner is a father to twin boys and shares parental rights and responsibilities with his former spouse. Petitioner is bipolar and takes prescription medication. In 2008, petitioner took his then six-year-old sons to an out-of-state amusement park. Sometime before or during the trip, he stopped taking his bipolar medication because it was exacerbating flu symptoms, and began drinking alcohol to self-medicate his bipolar disorder. Upon arriving at the amusement park area in the late afternoon, petitioner stopped at a gas station to ask for directions to his hotel. That evening, petitioner stopped at the same gas station and again asked for directions. The attendant recognized petitioner and telephoned the local police department out of concern for the children he observed in the car. A police officer located petitioner's parked car at a local restaurant. Petitioner was not in the vehicle and the children were asleep in the back seat. There were several open beer cans on the floor of the front passenger seat. When petitioner returned to the car, the officer observed that petitioner's eyes were glassy and his speech was slurred. Based on the results of field sobriety tests, the officer concluded petitioner was inebriated and cited him for operating under the influence. Petitioner's breath sample registered a blood alcohol content of 0.18—over two times the legal limit in Vermont.

The police department reported the incident to the Vermont Department for Children and Families (DCF). DCF substantiated that petitioner's actions of driving under the influence with his children in the car put his children at risk of harm. This triggered petitioner's placement on the child protection registry. Petitioner appealed the decision, emphasizing that since the

incident he had sought help to treat his mental illness, including through hospitalization, medication management, and counseling. The Board reversed DCF's substantiation, concluding that "petitioner was unlikely to pose a risk of future harm to children," and DCF appealed to this Court. We reversed, concluding that the Board "committed reversible error by considering whether the petitioner was likely to commit similar acts of neglect in the future." In re D.McD., 2010 VT 108, ¶ 7 (mem.). We remanded the case and instructed the Board to apply DCF's single egregious act policy to petitioner's actions. Id. ¶ 8. On remand, the Board affirmed DCF's substantiation. Petitioner appealed.

Petitioner first argues that the Board's conclusion that petitioner's conduct amounted to a single egregious act is inconsistent with the Board's prior finding that petitioner's conduct was not grossly negligent. Petitioner's claim depends on two premises: first, that the standard for a single egregious act is more stringent that the standard for gross negligence; and, second, that the Board previously found that petitioner's actions were not grossly negligent. We disagree with both of these premises.

The single egregious act standard is not more or less stringent than the gross negligence standard, but is different. See In re R.H., 2010 VT 95, ¶ 31 (concluding that Board should apply DCF's policy to prevent use of inconsistent standards). The Board's gross negligence standard demanded a finding that "a child's physical health was at substantial risk of harm by the acts or omissions of his or her parent." Id. ¶ 26 (quotation omitted). In contrast, DCF's policy requires the Board to "consider whether a reasonable person would believe that: '[t]he parent or caretaker did the act alleged; [t]he act was egregious; [t]here was a significant risk that the child could have been physically injured as a result; and, [t]he physical injury would be serious.'" In re D.McD., 2010 VT 108, ¶ 8 (alterations in original) (quoting DCF policy). Under particular facts, the standards could yield different results, but neither one is necessarily more stringent than the other. For this reason, we emphasized in R.H. the need for one consistent standard, and remanded the case for the Board to consider the facts under the correct standard set forth in the DCF policy.

Moreover, the Board's decision in petitioner's first appeal avoided the issue of whether petitioner's actions were grossly negligent. The Board noted that in a case it characterized as similar, the parent was deemed not grossly negligent, but did not consider the specific facts of petitioner's underlying misconduct. Instead, the Board focused on petitioner's investment in rehabilitation after the incident and the likelihood of neglect or abuse in the future—elements explicitly omitted from DCF's "single egregious act" standard. The Board concluded that, regardless of the severity of petitioner's involvement of the children in his DUI, petitioner presented negligible risk of future harm, and therefore declined to substantiate him as a person responsible for a "single egregious act that . . . caused the child[ren] to be at significant risk of serious physical injury" as contemplated in the DCF policy. As explained in petitioner's first appeal, the Board's reliance on petitioner's post-incident conduct was error and required a remand for an evaluation under the correct legal standard. In re D.McD., 2010 VT 108, ¶ 8.

Petitioner next argues that the evidence does not support the conclusion that a reasonable person would find petitioner's conduct was egregious. On appeal, we will affirm the Board's decision regarding substantiation absent an abuse of discretion. In re R.H., 2010 VT 95, ¶ 21. According to petitioner, his decision to stop taking his medication was not egregious because petitioner had no reason to anticipate the negative consequences that resulted and did not act with ill intent.

2

We conclude that there was ample evidence to support the Board's conclusion that a reasonable person would consider petitioner's conduct egregious. Contrary to petitioner's assertion, his subjective intent is not relevant to the inquiry. The question is whether a reasonable person could conclude that petitioner's acts were egregious. Whatever petitioner's subjective intent, the Board did not abuse its discretion in concluding that petitioner's act of driving while under the influence with his children in the car was "'conspicuously and outrageously bad or reprehensible,'" and was, therefore, egregious. Id. ¶ 28 (quoting DCF policy).

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice